IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEVANTE YOUNG                                                                                                PLAINTIFF
#18877

v.                                        4:23CV00674-BSM-JTK

SHARRON CASTLEBERRY, et al.                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      Introduction**

Devante Young ("Plaintiff") is in custody at the Prairie County, Arkansas, Detention Center. Plaintiff filed pro se complaint pursuant to 42 U.S.C. § 1983 against Prairie County Sheriff Rick Parson and Detention Center Administrator Sharron Castleberry (collectively, "Defendants") in their official and personal capacities. (Doc. No. 2 at 1-2). Plaintiff also filed a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 4, 5).

The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies

in his pleading. (Id.) Plaintiff filed his Amended Complaint on August 17, 2023. (Doc. No. 6). The Court will now screen Plaintiff's Amended Complaint pursuant to the PLRA and in forma pauperis statute.

**II.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   Discussion

####   A.   Plaintiff's Amended Complaint

In his Amended Complaint, Plaintiff sued the Prairie County Detention Center, along with Defendants Parson and Castleberry in their personal and official capacities. (Doc. No. 6). Plaintiff, a pretrial detainee, explains that his right hand "was split in two on the back" on June 22, 2023. (Id. at 4). Plaintiff's doctor informed him that he needed surgery to have a screw and pin inserted. (Id.). Plaintiff complains that "the facility was willing to keep charging me $25 for a doctor's visit for a cast that kept getting wet . . . ." (Id.). Plaintiff claims he has pinched nerves and his hand is swollen and purple. (Id.).

Plaintiff also claims that because he filed a lawsuit "against her and the jail and the sheriff" he was forced to sleep and eat in a cell with a busted toilet from August 11, 2023 until August 14, 2023. (Id. at 5). According to Plaintiff, he had to "pick up his own waste to flush it again." (Doc. No. 6 at 5). Plaintiff alleges that "when she was informed she said she wasn't coming up here again tonight." (Id.). Plaintiff seeks damages. (Id. at 6).

####   B.   Prairie County Detention Center

Plaintiff's claims against the Detention Center fail as a matter of law. The Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. Da La Garza v. Kandiyohi Cnty. Jail, Corr. Inst., 18 F. App'x 436, 437 (8th Cir. 2001) (detention center not an entity subject to suit under § 1983); Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 464 (8th Cir. 1992) (state departments not "persons" under § 1983). Accordingly, the Court recommends Plaintiff's claims against the Detention Center be dismissed without prejudice for failure to state a claim on which relief may be granted.

### C. Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1. Defendants Parson and Castleberry

Plaintiff named Rick Parson and Sharron Castleberry as Defendants, but Plaintiff made no allegations of fact against either of them specifically. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1939, 137 L. Ed. 2d 868 (2009).

When Plaintiff was given the chance to amend his Complaint, he was advised that liability under § 1983 was based on an individual's own actions. (Doc. No. 5 at 3-4). Plaintiff was also advised to provide factual allegations against each Defendant. (Id. at 5-6). But Plaintiff has not done so. Because Plaintiff made no allegations of fact against Defendants Parson or Castleberry, Plaintiff failed to state a claim against Defendants Parson and Castleberry on which relief may be granted.

#### 2. Conditions of Confinement

Plaintiff does mention "she" and "her" in his conditions of confinement claim. (Doc. No. 6 at 5). Even if Plaintiff was referring to Defendant Castleberry, the allegation that he spent four days with a busted toilet, without more, does not rise to the level of a constitutional violation.

4

Smith v. Copeland, 87 F.3d 265, 268-269 (8th Cir. 1996) (pretrial detainee did not establish constitutional violation where he spent 4 days in cell with overflowed toilet and raw sewage).

### 3. Cost of Doctor's Visits

Plaintiff was a pretrial at the time of the events giving rise to his claims. As a pretrial detainee, Plaintiff's deliberate indifference to serious medical needs claims are analyzed under the Fourteenth Amendment.

Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020). To succeed on a claim of deliberate indifference to a medical need, a pretrial detainee plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Id. "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "Mere negligence or medical malpractice . . . are not sufficient to rise to a constitutional violation." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). As such, allegations involving negligence or medical malpractice do not state a § 1983 claim on which relief may be granted.

Plaintiff complains that "the facility was willing to keep charging me $25 for a doctor's visit for a cast that kept getting wet . . . ." (Doc. No. 6 at 4). But an inmate may be required to pay for medical expenses when he can afford it. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). The Court explained this to Plaintiff and directed Plaintiff to provide explanation about why he cannot afford the charge and "whether anyone at the Detention Center has denied

5

him medical care based on him not being able to pay for it." (Doc. No. 5 at 5). Plaintiff provided no additional information about his claim. Plaintiff's allegation that he is being charged for doctors visits fails because he has not explained that he cannot pay for the costs/why he cannot pay for the costs, or that he is being denied treatment because he cannot pay.

To the extent Plaintiff complained about the medical care he is receiving—for example, the cast—Plaintiff has not alleged that any Defendant is aware of his serious medical needs, but ignoring those needs.

    **D.**     **Official Capacity Claims**

Because Plaintiff cannot establish individual liability on the underlying substantive claims, his official capacity claims also fail. Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation, . . . official-capacity . . . claims . . . necessarily fail.")

    **E.**     **Additional Plaintiffs**

Plaintiff added Barabra Holloway and Heather Young as plaintiffs on his Amended Complaint. (Doc. No. 6 at 1). Neither Ms. Holloway nor Ms. Young appear to be in custody; Plaintiff remains incarcerated at the Prairie County Jail. Further, neither Ms. Holloway nor Ms. Young signed the Amended Complaint, as required by Rule 11 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 11(a). Additionally, there are no allegations that either Ms. Holloway or Ms. Young experienced any unlawful conduct. And Plaintiff may not litigate on the behalf of Ms. Holloway or Ms. Young. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to

represent another entity."). With this in mind, the Court recommends Ms. Holloway and Ms. Young be dismissed as parties to this action.

**The Court reminds Plaintiff that he may file objections to his Recommendation. In any objections he wishes to file, Plaintiff may provide further details to explain his claims**.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of August, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."